**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONALD LYLE STRATTON,
       *Plaintiff-Appellant,*

v.

JULIE BUCK, in her individual
capacity; DALE BROWN, in his
individual capacity; JOHN DOE, in
his individual capacity; JANE DOE,
in her individual capacity,
       *Defendants-Appellees.*

No. 10-35656

D.C. No.
3:09-cv-05571-
RJB-KLS

OPINION

Appeal from the United States District Court
for the Western District of Washington at Tacoma
Robert J. Bryan, District Judge, Presiding

Argued and Submitted
June 8, 2012—Seattle, Washington

Filed September 19, 2012

Before: Barry G. Silverman and Mary H. Murguia,
Circuit Judges, and Leslie E. Kobayashi, District Judge.*

Opinion by Judge Kobayashi

---

*The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

11477

## COUNSEL

Shane P. Coleman, Holland & Hart LLP, Billings, Montana, for the plaintiff-appellant.

Michele C. Atkins (argued) and Christopher Holmes Anderson, Fain Anderson VanDerhoef, PLLC, Seattle, Washington, for defendant-appellee Julie Buck.

Candie M. Dibble, Attorney General's Office, Olympia, Washington, for defendant-appellee Dale Brown.

## OPINION

KOBAYASHI, District Judge:

Plaintiff-Appellant Donald Lyle Stratton ("Stratton") appeals from the judgment in favor of Defendant-Appellee Dale Brown ("Brown") entered pursuant to the order granting Brown's motion to dismiss for failure to exhaust administrative remedies.[1] Stratton argues that the district court erred in considering matters outside of the pleadings and in dismissing his case because the district court failed to provide him with notice of the requirements for a response to a motion to dismiss for failure to exhaust administrative remedies in which the district court considers documents beyond the pleadings. Stratton also argues that the district court erred in concluding that he failed to exhaust his administrative remedies.

We hold that Stratton was entitled to notice — similar to the notice for motions for summary judgment described in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) — explaining the requirements for a response to Brown's motion to dismiss for failure to exhaust administrative remedies and the consequences if the district court granted the motion. We further hold that Stratton had a substantial right to such notice and that the district court's failure to provide such notice was not harmless.

We therefore reverse the dismissal of Stratton's claims against Brown and remand this case to the district court for further proceedings.

---

[1]Stratton also appeals from the judgment in favor of Defendant-Appellee Julie Buck, M.D., entered pursuant to the order granting Dr. Buck's motion for summary judgment. That portion of Stratton's appeal is addressed in a separate Memorandum filed concurrently with the instant Opinion.

## *FACTS AND PROCEDURAL HISTORY*

On August 17, 2008, Stratton was assaulted by a fellow inmate at the Stafford Creek Corrections Center ("SCCC"). While Stratton was in a protective custody holding cell after the assault, Brown, a registered nurse at SCCC, saw him lying on the floor. Brown asked Stratton, "what hurts, what happened, are you in pain, why were you assaulted . . . ?" Defendant-Appellee Julie Buck, M.D. ("Dr. Buck") examined Stratton after the fire department transported him to the Emergency Department at the Grays Harbor Community Hospital.

Stratton's complaint, filed November 16, 2009, alleged that Dr. Buck's and Brown's failure to provide pain medication to him violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. Throughout the district court proceedings, Stratton represented himself pro se.

Brown filed a Motion to Dismiss on March 31, 2010. On July 1, 2010, the magistrate judge filed her Report and Recommendation to grant Brown's Motion to Dismiss. The magistrate judge concluded that Stratton failed to exhaust his administrative remedies and that it was unnecessary to reach Brown's other arguments in favor of dismissal. On July 26, 2010, the district judge issued his order adopting the Report and Recommendation and dismissing Stratton's claims against Brown without prejudice. Also on July 26, 2010, Stratton filed objections to the Report and Recommendation. On July 28, 2010, the district judge issued an order affirming his July 26, 2010 order, despite Stratton's objections. On August 18, 2010, Stratton filed a notice of appeal relating to the July 26, 2010 order granting Brown's Motion to Dismiss.

## *JURISDICTION*

The district court apparently did not enter a separate judgment, as required by Fed. R. Civ. P. 58(a)(1). Where there is

no separate judgment, pursuant to Fed. R. App. P. 4(a)(7)(A)(ii), we deem the entry of judgment to be 150 days after the entry of an appealable final order. *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703-04 (9th Cir. 2007). Although a notice of appeal filed before the entry of judgment is premature, Fed. R. Civ. P. 4(a)(2) treats such notices as filed on the date of the entry of judgment. *Id.* at 704. Stratton's notice of appeal is therefore timely, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## STANDARD OF REVIEW

We review a district court's dismissal of a prisoner's complaint for failure to exhaust his administrative remedies de novo. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). When the district court considers a motion to dismiss, it may " 'look beyond the pleadings and decide disputed issues of fact[,]' " and we review the district court's factual findings for clear error. *Id.* (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)).

## ANALYSIS

### I.  Notice to Pro Se Prisoner Litigants

**[1]** This court has held that a pro se prisoner litigant is entitled to "fair notice of the requirements and consequences of the summary judgment rule." *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 952 (9th Cir. 2008) (citing *Rand*, 154 F.3d at 959). Either the district court or the moving party may provide the notice, which " 'must be phrased in ordinary, understandable language' and . . . must inform the prisoner both of his 'right to file counter-affidavits or other responsive evidentiary materials' and, 'most importantly, . . . of the effect of losing on summary judgment.' " *Id.* (some alterations in *Solis*) (quoting *Rand*, 154 F.3d at 960). Appendix "A" to *Rand* is a model notice to pro se prisoner litigants. 154 F.3d at 962-63.

**[2]** This court has also recognized that an unenumerated Fed. R. Civ. P. 12(b) motion to dismiss based on the failure to exhaust administrative remedies[2] is closely analogous to a motion for summary judgment and, if the district court looks beyond the pleadings in deciding the motion, the district court "must assure that [the pro se prisoner plaintiff] has fair notice of his opportunity to develop a record." *Wyatt*, 315 F.3d at 1120 n.14. This court noted that the reasons for requiring such notice are the same as the reasons for requiring a *Rand* notice for motions for summary judgment. *Id.* (citing Section I of *Wyatt*, which discussed *Rand*). *Wyatt* noted that the reasons for the *Rand* notice include " 'the complexity of the summary judgment rule' " and " 'the lack of legal sophistication of the pro se prisoner[.]' " *Id.* at 1114 (quoting *Rand*, 154 F.3d at 960). A motion to dismiss for failure to exhaust administrative remedies is also complex, and a pro se prisoner lacking legal sophistication is unlikely to understand how to respond to a motion to dismiss for failure to exhaust administrative remedies.

**[3]** We therefore hold that, when a district court will consider materials beyond the pleadings in ruling upon a defendant's motion to dismiss for failure to exhaust administrative remedies, the pro se prisoner plaintiff must receive a notice, similar to the notice described in *Rand*.[3] The notice must explain that: the motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings; the plaintiff has a "right to file counter-affidavits or other responsive evidentiary materials"; and the

---

[2]The exhaustion provision in the Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[3]The model notice appended to *Rand* is sufficient if the district court, or the moving defendant, tailors the model notice to address a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies.

effect of losing the motion. *See Rand*, 154 F.3d at 960. The notice "must be phrased in ordinary, understandable language calculated to apprise an unsophisticated prisoner of his or her rights and obligations" under Rule 12. *See id.* We also note that a *Rand* notice or a *Wyatt* notice "must be provided to pro se prisoner plaintiffs at the time the defendants' motions are filed." *Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 WL 2626912, at *1 (9th Cir. July 6, 2012).

## II.  *Adequacy of the Notice to Stratton*

We now turn to the notice requirement in the instant case. In support of the portion of his Motion to Dismiss arguing that Stratton failed to exhaust his administrative remedies, Brown attached a declaration from the Grievance Program Manager in the Office of Correctional Operations, Washington State Department of Corrections, Stratton's Department of Corrections grievances, and correspondence related to the grievances. The magistrate judge considered these documents in recommending that the district judge grant Brown's Motion to Dismiss. Thus, Stratton was entitled to notice explaining the process associated with a motion to dismiss for failure to exhaust administrative remedies.

The magistrate judge's Pretrial Scheduling Order, filed January 13, 2010, contained a section entitled "MOTIONS", which quoted the model notice appended to *Rand*. Insofar as the notice quoted the *Rand* model notice, it did not mention Rule 12(b), nor did it explain that a motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the district court will consider documents beyond the pleadings. Thus, Stratton did not have fair notice of his opportunity to develop a record to oppose Brown's Motion to Dismiss to the extent that the motion alleged a failure to exhaust administrative remedies, nor did Stratton have fair notice of the effect of losing the motion. Further, insofar as the district court failed to give Stratton fair notice of his opportunity to develop a record on the exhaus-

tion issue, the district court erred in considering documents beyond the pleadings.

[4] A pro se prisoner plaintiff has a substantial right to notice explaining the process associated with a motion to dismiss for failure to exhaust administrative remedies where the district court will consider materials beyond the pleadings. In most cases, the failure to provide the requisite notice will necessarily affect the pro se prisoner plaintiff's substantial rights. *See Rand*, 154 F.3d at 962. The failure to provide the required notice will be harmless only in an unusual case, such as where judicial notice of district court records establishes that the pro se prisoner plaintiff recently received a proper notice in a previous action or where the pro se prisoner plaintiff's response to the motion to dismiss for failure to exhaust administrative remedies establishes that the plaintiff has a complete understanding of the notice described in this opinion. *See id.* at 961-62. We also recognize that the failure to provide the pro se prisoner plaintiff with the requisite notice will also be harmless if the plaintiff cannot prove any set of facts that would entitle him or her to relief. *See id.* at 962 n.9. In the exceptional case in which the failure to provide the requisite notice is subject to harmless error review, that review "must be undertaken on an objective basis." *See id.* at 962 (footnote omitted).

[5] In the instant case, there is no indication in the record on appeal that Stratton received any notice regarding motions to dismiss for failure to exhaust administrative remedies, either in this case or in another recent case before the district court. As previously noted, Brown's Motion to Dismiss relied upon a declaration and supporting documents attached to the motion. Stratton did not attach any affidavits, declarations, or supporting documents to his response to Brown's Motion to Dismiss. Stratton's response argued that he exhausted all administrative remedies because he "made a good faith effort to file the grievance properly nad (sic) appealed it several

times[.]"[4] All of the grievances, letters, and responses that Stratton referred to in his exhaustion argument were attached to Brown's Motion to Dismiss. With regard to Stratton's September 2, 2008 grievance, however, Stratton cited "the reverse side of the inmate grievance forms" and "DOC POLICY 560.100 (Offender Grievance Program)" in support of his argument that he did not have notice that the Department of Corrections would determine that his grievance was not grieveable if he cited sections of the Revised Code of Washington in his grievance form. The version of Stratton's September 2, 2008 grievance attached to Brown's Motion to Dismiss does not include the reverse side of the grievance form. If Stratton had received proper notice explaining the process associated with a motion to dismiss for failure to exhaust administrative remedies, including his right to file counter-affidavits or other responsive evidentiary materials, Stratton could have submitted documents such as a copy of the September 2, 2008 grievance with the reverse side of the form and the relevant policies governing the grievance program. Thus, after an objective review of the record in this case, we cannot conclude that there is no set of facts that Stratton could prove which would entitle him to relief. We therefore cannot conclude that the failure to provide Stratton with notice explaining the process associated with a motion to dismiss for failure to exhaust administrative remedies, in which the district court will consider documents beyond the pleadings, was harmless. Accordingly, we reverse the judgment in favor of Brown entered pursuant to the order granting Brown's Motion to Dismiss and remand the case to the district court. We express no opinion on the merits of Stratton's argument that he exhausted all of his available remedies, and

---

[4]In the instant appeal, Stratton expands upon this argument by asserting that he exhausted all of the administrative remedies which were available. He contends that either the SCCC personnel did not have the authority to act on his grievances or there were no available administrative remedies for his grievances due to the improper screening of his grievances. Thus, he contends that exceptions to the exhaustion requirement applied, and he had no further obligation to exhaust administrative remedies.

we leave that matter for the district court to decide in the first instance.

**REVERSED AND REMANDED**.