**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　Plaintiff-counter-defendant-<br>cross-defendant - Appellee,<br><br> v.<br><br>RICHARD PIRA,<br><br>　　　　Defendant,<br><br>ANDREW PIRA,<br><br>　　　　Defendant-cross-defendant,<br><br>　And<br><br>ALEXANDER YIN,<br><br>　　　　Defendant-counter-claimant-<br>cross-claimant - Appellant. | No. 13-15991<br><br>D.C. No. 4:11-cv-03511-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 12, 2015
San Francisco, California

Before: SCHROEDER, IKUTA, and CHRISTEN, Circuit Judges.

Defendant Alexander Yin appeals the district court's order granting summary judgment to Plaintiff Allstate Insurance Company. Yin also appeals the district court's dismissal of his claim that Allstate breached the implied covenant of good faith and fair dealing by unreasonably refusing to indemnify Richard and Andrew Pira and pay Yin benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in concluding that Richard Pira was not an "insured person" under Erlinda Ipac's insurance policy for the Peabody street property because Richard Pira did not live in the same "household" as Ipac. Under California law, "the term 'household' is unambiguous." *Jacobs v. Fire Ins. Exch.*, 227 Cal. App. 3d 584, 591, 594 (1991). It is undisputed that Richard Pira and Ipac did not live "under one roof or within a common curtilage" at the time that Andrew Pira shot Yin, and therefore Richard Pira did not live in Ipac's "household," as defined by California law.[1] *See id.*

---

[1]To the extent Yin suggests Allstate should have included Richard Pira as a named insured on the policy, there is no such claim before us.

Even if the district court erred when it dismissed Yin's claim that Allstate breached the implied covenant of good faith and fair dealing, any error would be harmless because Yin "cannot prove any set of facts that would entitle him . . . to relief." *Stratton v. Buck*, 697 F.3d 1004, 1009 (9th Cir. 2012); *see also* Fed. R. Civ. P. 61. Richard Pira was not covered by Ipac's policy because he was not a member of her household, and Yin does not challenge the district court's determination that Andrew Pira was not covered by the policy because his actions were intentional. Therefore, because Yin had no right to payment from Allstate, "there can be no action for breach of the implied covenant of good faith and fair dealing." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995). Any error by the district court was thus harmless.

**AFFIRMED.**