FILED

**NOT FOR PUBLICATION**

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BOBBY SHANE CHARLTON,

Plaintiff-Appellant,

v.

OREGON DEPARTMENT OF
CORRECTION; et al.,

Defendants-Appellees.

No.    14-35450

D.C. No. 6:09-cv-01246-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Oregon state prisoner Bobby Shane Charlton appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action alleging an Eighth Amendment claim arising out of allegedly

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

inadequate medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal conclusions on exhaustion and for clear error its factual determinations. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Charlton's Eighth Amendment claim against defendant Lytle was proper because, even assuming that Charlton appealed the 2009 grievance to the first level, Charlton did not properly exhaust his appeal through the final level as required by the prison's administrative grievance process, and did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which exhaustion may be excused).

Charlton contends that, although he was provided notice under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), in connection with defendants' initial motion to dismiss for failure to exhaust, the district court erred when it did not provide him with a renewed notice in connection with defendants'

supplemental motion to dismiss for failure to exhaust. However, the record shows that Charlton was already aware of and understood the requirements for responding to a motion to dismiss for failure to exhaust. *See Stratton v. Buck*, 697 F.3d 1004, 1009 (9th Cir. 2012) ("The failure to provide the required notice will be harmless . . . where judicial notice of district court records establishes that the pro se prisoner plaintiff recently received a proper notice in a previous action or where the pro se prisoner plaintiff's response to the motion to dismiss for failure to exhaust administrative remedies establishes that the plaintiff has a complete understanding of the [required notice].").

We reject as without merit Charlton's contentions that the district court erred by allowing defendants to file the supplemental motion to dismiss, that the supplemental motion to dismiss was time-barred, and that the district court was prejudiced against him.

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

14-35450