**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JAVIAD AKHTAR,
*Plaintiff - Appellant*,

v.

J. MESA, S. TURNER; L. WARD, individually and in their official capacities,
*Defendants - Appellees*.

No. 11-16629

D.C. No.
2:09-CV-2733-
FCD-GGH P

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Argued and Submitted
September 14, 2012–San Francisco, California

Filed November 5, 2012

Before: Arthur L. Alarcón, Susan P. Graber,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Alarcón

**SUMMARY**[*]

**Prisoner Civil Rights**

The panel vacated the district court's dismissal of a prisoner's complaint brought under 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs, and remanded. The panel held that given plaintiff's pro se status, limited English skills and disabilities, the district court erred by refusing to consider arguments that plaintiff raised for the first time in his objections to a magistrate judge's findings and recommendations on defendants' motion to dismiss. The panel also held that plaintiff had provided enough detail in his administrative grievance to exhaust his Eighth Amendment claim because the grievance gave notice that defendants had failed to comply with plaintiff's medical "chrono" requiring him to be housed in a ground-floor cell. The panel held that the complaint set forth sufficient facts to show that defendants were deliberately indifferent when they failed to comply with the medical chrono and that the district court erred by dismissing the complaint without explaining the deficiencies in the complaint and leave to amend and also without providing plaintiff notice pursuant to *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Carter C. White and Roya S. Laden (argued), U.C. Davis School of law, Davis, California, for the Plaintiff-Appellant.

Misha Igra, AGCA - Office of the California Attorney General, Sacramento, California, for the Defendants-Appellees.

**OPINION**

ALARCÓN, Circuit Judge:

In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Javiad Akhtar appeals from the dismissal with prejudice of his first amended complaint for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In his complaint, Akhtar alleged that Correctional Officer J. Mesa and Correctional Sergeant S. Turner ("Appellees") violated his federal constitutional rights by failing to comply with his medical "chrono,"[1] which required him to be housed in a ground floor cell.[2] He also alleged that Appellees failed to provide him with an interpreter at medical appointments. We must decide whether

---

[1] A "chrono" is collection of informal notes taken by prison officials documenting medical orders.

[2] Akhtar also sued Lieutenant L. Ward and Mule Creek State Prison. Akhtar's claims against these defendants are not at issue on appeal.

the district court erred by (1) refusing to consider arguments that Akhtar raised for the first time in his objections to a magistrate judge's findings and recommendations on Appellees' motion to dismiss, (2) concluding that Akhtar failed to exhaust his administrative remedies, and (3) dismissing his complaint on the ground that he failed to state a claim upon which relief can be granted. After reviewing the record and relevant authority, we vacate the judgment and remand.

# I

Akhtar is a California prisoner incarcerated at Mule Creek State Prison. He suffers from numerous medical conditions, including chronic kidney disease, coronary artery disease, uncontrolled hypertension, hyperlipidemia (high cholesterol), cerebrovascular accident (stroke), hyperuricemia (gout), and gastroesophageal reflux disease. Akhtar has "little English speaking or reading skills, . . . has been deemed illiterate, . . . [and] has permanent brain damage from a motorcycle accident." He is also mobility and hearing impaired.

On December 2, 2008, Akhtar was informed by Officer Mesa that he was being moved to an emergency bunk ("E-bunk") located in an open dormitory in the day room of the building. He showed Officer Mesa and Sergeant Turner his medical chrono and told them that he would rather go to Administrative Segregation ("Ad-Seg") than move to an E-

bunk. He was issued a CDC-115[3] Rules Violation Report and placed in Ad-Seg for refusing to move from his cell to an E-bunk in the dayroom of the prison.

On December 9, 2008, Akhtar received another CDC-115 for refusing to move to an E-bunk in the dayroom. Officer Mesa and Sergeant Turner were not involved in that incident.

Akhtar was subsequently moved to a triple bunk E-bunk in the dayroom, at least 75 feet from the closest urinal. Akhtar fell from his bunk bed and broke his wrist. He also suffered embarrassment and humiliation because, given that there were only two toilets and one urinal for the forty beds in the dayroom, he was often unable to reach the restroom in time and urinated in his clothes.

Akhtar filed a grievance on January 1, 2009, in which he appealed the December 9, 2008 CDC-115 Rules Violation Report. In the grievance, Akhtar stated that prison staff were deliberately indifferent to his well-being and that he was denied due process because he did not receive an interpreter and staff assistant. Akhtar's administrative grievance was denied, as was his Second Level Appeal and Director's Level Appeal.

Akhtar filed a second grievance on January 5, 2009, in which he appealed the December 2, 2008 CDC-115 Rules Violation Report. In that grievance, Akhtar stated that he

---

[3] A CDC-115 Rules Violation Report is a disciplinary report issued by prison officials when a prisoner misbehaves.

"was punished for protecting [his] rights." Akhtar contended that he was justified in refusing to move to the E-bunk because his chrono excluded him from "Dayroom and Gym dormitory bunk living." Akhtar alleged that the corrections officials were aware of his medical condition, but were deliberately indifferent to it in ordering that he be transferred to an E-bunk. Akhtar also stated that his due process rights were violated because he was not provided an interpreter or staff assistant. Akhtar's grievance was denied, as was his Second Level Appeal and Director's Level Appeal.

On October 1, 2009, Akhtar filed a complaint in the district court against Officer Mesa and Sergeant Turner. In his initial complaint, Akhtar stated a claim under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, based on Appellees's failure to comply with his medical chrono regarding his housing needs. Akhtar attached the January 1, 2009, and the January 5, 2009 grievances as exhibits to his complaint, along with copies of the Second Level Appeals and Director's Level Decisions. Magistrate Judge Gregory G. Hollows dismissed Akhtar's initial complaint pursuant to 28 U.S.C. § 1915A(b), with leave to amend. Thereafter, Akhtar filed his first amended complaint. In that complaint, Akhtar re-alleged a deliberate indifference claim pursuant to the Eighth Amendment based on Appellees' failure to comply with his medical chrono regarding housing. He also alleged two new claims for deliberate indifference to a serious medical need based on the failure to provide an interpreter at medical appointments, and a requirement that he pay a $350 filing fee.

Akhtar attached several documents as exhibits to his first amended complaint. They included medical records, a Comprehensive Accommodation Chrono, a Disability Placement Program Verification form, and a February 11, 2010 Second Level Appeal Response regarding his request for an interpreter at medical appointments and institutional hearings. Akhtar did not attach to his first amended complaint copies of his January 1 and 5, 2009 grievances and his administrative appeals.

Magistrate Judge Hollows issued a screening order, pursuant to 28 U.S.C. § 1915A(a), in which he stated that Akhtar had filed "a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against the individual appellees. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action."

Appellees filed a motion to dismiss the first amended complaint for failure to exhaust his administrative remedies or to state a claim upon which relief can be granted. Magistrate Judge Hollows advised Akhtar that the failure to file a written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the motion pursuant to Local Rule 230(1). Akhtar did not file an opposition to the motion. Magistrate Judge Hollows concluded that Akhtar's failure to file an opposition "should be deemed a waiver of opposition to granting the motion." In his findings and recommendations, he also determined that Akhtar had failed to exhaust his administrative remedies and failed to state a claim under the Eighth Amendment.

Akhtar filed an objection to Magistrate Judge Hollows's findings and recommendations. He asked that the district court construe his objection to the findings and recommendations as an opposition to Appellees' motion to dismiss. Akhtar attached copies of the January 1 and January 5, 2009 grievances, and related administrative appeals, to his objection to the findings and recommendations. The district court issued an order declining to consider Akhtar's objections to the motion to dismiss his first amended complaint. It adopted Magistrate Judge Hollows's findings and his recommendations; dismissed the first amended complaint with prejudice; and entered judgment in favor of Appellees.

On May 5, 2011, Akhtar filed a motion to alter or amend the judgment which the district court denied. Akhtar filed a timely notice of appeal. The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.[4]

---

[4] Because the other defendants named in the first amended complaint were not served with process, the district court's order dismissing Akhtar's first amended complaint as to Officer Mesa and Sergeant Turner "may be considered final under Section 1291 for the purpose of perfecting an appeal." *Patchick v. Kensington Publ'g Corp.*, 743 F.2d 675, 677 (9th Cir. 1984) (per curiam).

**II**

**A**

Akhtar contends that the district court abused its discretion in refusing to consider the arguments that he raised in his objections to Magistrate Judge Hollows's findings and recommendations. He also maintains that, even if the district court had "actually exercised its discretion," it abused that discretion by failing to consider his arguments. We review this issue for abuse of discretion. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

In *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), we joined the First and Fifth Circuits in holding "that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." We cautioned, however, that "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622.

In *Brown*, applying *Howell,* we concluded that the district court had failed to "actually exercise[] its discretion," as there was nothing in the record that showed that it had. *Brown*, 279 F.3d at 745 (citing *Howell*, 231 F.3d at 622). We stated that there was "nothing in the record that shows the district court 'actually exercise[d] its discretion,' in refusing to consider Brown's newly-raised claim." *Id.* (alteration in original) (quoting *Howell*, 231 F.3d at 622). We also

explained that, given that the plaintiff was pro se and had presented a "relatively novel claim under a relatively new statute . . . . , even if the district court had 'exercised its discretion,' it would have been an abuse of that discretion to refuse to consider petitioner Brown's equitable tolling claim." *Id.*

Two years later, in *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), we again held that a district court abused its discretion by failing to consider arguments raised for the first time in a pro se plaintiff's objections to a magistrate judge's findings. Once again, we concluded that the district court did not "actually exercise its discretion." *Id.* at 935 (internal quotation marks omitted). We also explained that, "given the circumstances under which this evidence was offered–a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him–it would have been an abuse of discretion for the district court not to consider the evidence." *Id.*

Akhtar contends that as in *Brown* and *Jones*, the record in this case does not show that the court actually exercised its discretion in considering his objections to Magistrate Judge Hollows's findings and recommendations. We disagree. Although the district court's order is brief, it stated correctly that, pursuant to *Howell*, "[a] district court has the discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." The district court noted that Akhtar did not explain in his objections why he failed to file a timely

opposition to Appellees' motion to dismiss. The court "elect[ed] to exercise its discretion not to consider an opposition to a motion to dismiss inappropriately presented by plaintiff for the first time in objections." *Id.*

Akhtar asserts that, even if the district court "actually exercised its discretion," it abused it because, like the plaintiff in *Brown*, he is proceeding pro se. In *Brown* and *Jones*, we emphasized that the failure to consider a plaintiff's status as a pro se litigant is a ground for concluding that the district court abused its discretion. *Jones*, 393 F.3d at 935; *Brown*, 279 F.3d at 745. Given that Akhtar's objections directed the court to crucial facts showing he may have exhausted his administrative remedies and that he is a pro se litigant, who is illiterate, disabled, and has limited English skills, the district court abused its discretion by failing to consider these circumstances.

Moreover, the critical documents, the January grievances and resulting decisions, had been attached to the original complaint. Under recent case law, that complaint was not entirely superseded when the amended complaint was filed, and so could have been considered by the magistrate judge in considering exhaustion. *See Lacey v. Maricopa Cnty.*, – F.3d –, 2012 WL 3711591, at *18, *21 (9th Cir. 2012 Aug. 29, 2012) (en banc) (holding that an amended complaint does not supersede an earlier complaint so as to require a party to replead claims dismissed with prejudice and without leave to amend to preserve those claims for appeal).

Further, if there is any doubt whether the documents attached to the original complaint were still part of the operative *pleadings*, the magistrate judge also could have considered the documents as part of the *record* in considering Appellees' motion to dismiss for failure to exhaust administrative remedies. In deciding such a motion–which is considered an unenumerated Rule 12(b) motion – "the court may look beyond the pleadings." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). That the information in question was not actually new to the case is another reason the district court abused its discretion in failing to consider it.

## B

Akhtar next contends that the district court erred because it concluded that he failed to exhaust his administrative remedies. Akhtar contends that he satisfied the administrative exhaustion requirement of the Prison Litigation Reform Act ("PLRA") of 1995 before filing his initial complaint and his first amended complaint. We review a dismissal for failure to exhaust de novo and factual findings for clear error. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

## 1

As an initial matter, Appellees contend that we should ignore Akhtar's arguments on appeal because he waived them by failing to file a timely opposition to the motion to dismiss. Appellees' reliance on *Bolker v. Commissioner*, 760 F.2d 1039 (9th Cir. 1985), to support this contention is misplaced. *Bolker* stands for the proposition that, "[a]s a general rule, we

will not consider an issue raised for the first time on appeal, although we have the power to do so." *Id.* at 1042 (citation omitted). *Bolker* does not require us to ignore Akhtar's contentions because he failed to file a timely opposition to a motion to dismiss in the district court.

Indeed, the *Bolker* rule presumes that the issue was not raised in the district court. In this case, Akhtar presented his objections to Magistrate Judge Hollows's findings and recommendations in the district court, as well as in the motion to alter or amend the judgment. In fact, the district court addressed the issues that Akhtar raises in this appeal in its order denying his motion to alter or amend the judgment. Appellees have not cited any portion of *Bolker*, or any other case, that suggests we should ignore Akhtar's contentions because he failed to assert them in a motion opposing Magistrate Judge Hollows's recommendation that his complaint be dismissed.

**2**

With respect to exhaustion, "we have held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Exhaustion under the PLRA is not jurisdictional. *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 869 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1540 (2012). Thus, a defendant may raise failure to exhaust under the PLRA in an unenumerated Rule 12(b) motion. *See Wyatt*, 315 F.3d at 1119-20 ("In deciding [such] a motion . .

. , the court may look beyond the pleadings and decide disputed issues of fact.").

"The [PLRA] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a) (2008)). "'[A]n action is 'brought' for purposes of [exhaustion under] § 1997e(a) when the complaint is tendered to the district clerk,' and not when it is subsequently filed." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004)).

The failure to exhaust administrative remedies is an affirmative defense on which the defendant bears the burden of proof. *Wyatt*, 315 F.3d at 1119. Because "there can be no absence of exhaustion unless *some* relief remains available, a defendant must demonstrate that pertinent relief remain[s] available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (internal quotation marks omitted).

We have held that "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). If, however, a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new

claims were exhausted before tendering the amended complaint to the clerk for filing. *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010).

Akhtar's first amended complaint asserts two deliberate indifference claims, both of which required exhaustion under the PLRA. These claims rest on Appellees' (1) failure to comply with Akhtar's medical chrono regarding housing and (2) failure to provide an interpreter at medical appointments. We address, in turn, the question whether each claim was exhausted.

**i**

Akhtar asserted his claim for failure to comply with his medical chrono regarding housing in his initial complaint. Neither party disputes that this claim arose before Akhtar filed that complaint. Thus, Akhtar was required to exhaust this claim before he filed his initial complaint. *See McKinn*ey, 311 F.3d at 1200-01 (requiring pre-suit exhaustion under the PLRA).

Akhtar contends that the evidence attached to his initial complaint and objections to Magistrate Judge Hollows's findings and recommendations shows that he exhausted his medical deliberate indifference claim. Akhtar attached the January 1 and 5, 2009 grievances, along with the related Second Level Appeals and Director's Level Decisions, to his initial complaint and objections.

The documents attached to Akhtar's objection to Magistrate Judge Hollows's findings and recommendations, as well as the allegations and attachments to his initial complaint, show that he exhausted his medical deliberate indifference claims in May 2009, several months before he filed his initial complaint. In his January 5, 2009 grievance, Akhtar appealed the CDC-115 Rules Violation Report that he received for refusing to move to an E-bunk on December 2, 2008. In that grievance, Akhtar stated that he "was punished for protecting [his] rights." According to Akhtar, he was justified in refusing to move to the E-bunk because his chrono excluded him from "Dayroom and Gym dormitory bunk living." Akhtar suggested that the corrections officials were aware of his medical condition, but were deliberately indifferent to that condition by attempting to transfer him to an E-bunk. Akhtar also stated that his due process rights were violated because he did not receive an interpreter or staff assistant.

Akhtar appealed the denial of this grievance. He received a Second Level Appeal denying his claim on February 26, 2009. He received a Director's Level Decision, denying his claim on May 28, 2009. The Director's Level Decision showed that the prison was aware that Akhtar contended that the move to an E-bunk violated his medical chrono because it construed his medical chrono as not precluding E-bunk housing. Specifically, the Director's Level Decision stated that "the appellant's medical chronos limit him to lower tier/lower bunk housing. The appellant was ordered to move to a lower bunk bed; therefore, he was not precluded from obeying the order."

Appellees contend that the January 5, 2009 grievance addressed only Akhtar's due process claim.  We disagree. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  For prisons, like Mule Creek State Prison, that do not instruct prisoners on what precise facts must be alleged in a grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"  *Griffin,* 557 F.3d at 1120 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  Akhtar's January 5, 2009 grievance provided enough detail to exhaust his Eighth Amendment claim because it provided notice that Appellees had failed to comply with Akhtar's medical chrono requiring him to be housed in a ground-floor cell.

Appellees also contend that Magistrate Judge Hollows "screened out" Akhtar's claims based on the January 5, 2009 grievance.  This contention is misleading.  In his screening order on the initial complaint, Magistrate Judge Hollows dismissed with leave to amend, any due process challenges to the hearings on Akhtar's CDC-115s.  Akhtar, however, is not challenging the dismissal of his due process challenges to his CDC-115s.  Rather, he is challenging the dismissal of his Eighth Amendment deliberate indifference claim.  Appellees have not shown that Magistrate Judge Hollows "screened out" this claim.

Appellees' attempt to focus on Akhtar's August 7, 2009 grievance regarding housing as evidence that he failed timely to exhaust this claim is not persuasive. Appellees maintain that Akhtar's claim fails because he did not receive a Director's Level Review on this grievance until November 2, 2009, one month *after* Akhtar filed his first amended complaint. While Akhtar's August 7, 2009 grievance did address his deliberate indifference claim based on housing, he did not need to receive a Director's Level Decision on that grievance before filing his first amended complaint because, as discussed above, he had already exhausted that claim. Thus, Akhtar's subsequent post-suit exhaustion of the August 7, 2009 grievance is immaterial.

Because Akhtar received a Director's Level Decision on his January 5, 2009 grievance before he filed his initial complaint in which he alleged his deliberate indifference claim based on housing, he exhausted this claim.[5] Thus, the district court erred by dismissing this claim for failure to exhaust.

**ii**

Appellees did not challenge Akhtar's claim that he was deprived of an interpreter in their motion to dismiss the first

---

[5] Akhtar also contends that his January 1, 2009 grievance exhausted his administrative remedies. That grievance, however, did not provide notice of his contention that Appellees ignored his medical chrono. In addition, it related to the December 9, 2008 incident, which did not involve Officer Mesa or Sergeant Turner.

amended complaint. The record is not clear as to when this claim arose. Appellees have not pointed to any evidence establishing that this claim arose before Akhtar filed his initial complaint or that it was not timely exhausted. Thus, the district court erred by dismissing this claim for failure to exhaust.

## C

Akhtar further contends that the district court erred by dismissing his first amended complaint on the alternative ground of failure to state a claim. He argues that the court overlooked the allegations in his pleading supporting his claim and did not explain the basis for its decision. We review this issue de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss, we "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam).

"[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en

banc).  In fact, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)) (en banc).  A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

In ruling on Appellees' motion to dismiss for failure to state a claim, neither the district court nor Magistrate Judge Hollows explained the deficiencies in Akhtar's first amended complaint.  Rather, the district court adopted Magistrate Judge Hollows's findings and recommendations, which contained only the following brief parenthetical footnoted conclusion on this issue: "this court . . . finds this action should be dismissed on ground 1 (as well as on ground 2 for failing to state a claim under the Eighth Amendment)."

The district court did not comply with our precedent regarding the dismissal of pro se prisoner civil rights complaints for failure to state a claim.  The defects are of particular significance given that the grounds for dismissal were not readily apparent.  To comply with the law of this circuit, the district court was required to explain the deficiencies in Akhtar's first amended complaint.  It also

should have dismissed with leave to amend unless it was absolutely clear that Akhtar could not cure the deficiencies by amendment. The district court did neither.

In their motion to dismiss the first amended complaint, Appellees argued that Akhtar's deliberate indifference claim failed because they "did not subject Akhtar to any serious medical risk, never intended to harm Akhtar, and in fact Akhtar was not harmed."[6] On appeal, Appellees focus on Akhtar's alleged failure to show "a causal relationship between Appellees and any supposed violation of his constitutional rights."

In *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006), we held that there is a two-pronged test for evaluating a claim for deliberate indifference to a serious medical need:

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's

---

[6] In their motion to dismiss, Defendants did not challenge, on the grounds of failure to state a claim, Akhtar's deliberate indifference claim based on failure to provide an interpreter or his non-specific claim regarding the $350 filing fee.

pain or possible medical need and (b) harm caused by
the indifference.

*Id.* at 1096 (internal quotation marks and citations omitted).

Akhtar's first amended complaint set forth sufficient facts
to show that he had a serious medical need. Akhtar alleged
that he suffered from numerous medical conditions and was
hearing and mobility impaired. Akhtar also attached a
Comprehensive Accommodation Chrono dated October 9,
2008 and disability verification form dated August 23, 2006,
as exhibits to his first amended complaint. The Chrono stated
that Akhtar required a "bottom bunk" and "ground floor cell."
The disability verification form stated that Akhtar is "mobility
impaired" and had housing restrictions requiring a "lower
bunk," "no stairs," and "no triple bunk." These allegations
and exhibits are sufficient to show that Akhtar has a serious
medical need.

Contrary to Appellees' contention, the medical records
attached to the first amended complaint do not contradict
Akhtar's allegation that he has a serious medical need. The
fact that the records show that a doctor concluded, at a certain
point in time, that Akhtar's kidney function was stable does
not contradict Akhtar's allegation that he suffered from
numerous *other* medical conditions.

Akhtar's first amended complaint also set forth sufficient
facts to show that Appellees were deliberately indifferent.
Akhtar alleged that he showed his medical chrono requiring
a lower bunk in a ground-floor cell to Officer Mesa and

Sergeant Turner. He also alleged that they ignored the medical chrono by moving him to an E-bunk in the dayroom.

Akhtar also alleged that he was harmed as a result of Appellees' failure to comply with his chrono. He alleged that he suffered a broken wrist. He also suffered humiliation and embarrassment on several occasions because he urinated in his clothes.

Contrary to Appellees' contentions, the fact that Akhtar's medical records attached to the first amended complaint do not show that he suffered any adverse medical conditions as a result of the move to the E-bunk does not contradict Akhtar's allegations of harm. The absence of any mention of harm as a result of the move to the E-bunk fails to establish that Akhtar did not suffer harm. His allegations of deliberate indifference to his medical condition were sufficient to satisfy the pleading requirement. To the extent Appellees contest Akhtar's ability to *prove* harm, that is an issue for summary judgment or trial, not a Rule 12(b)(6) motion to dismiss.

Because Akhtar's first amended complaint stated a claim upon which relief can be granted and neither Magistrate Judge Hollows nor the district court provided a statement of the deficiencies before dismissing the first amended complaint with prejudice, the district court erred in granting the motion to dismiss.[7]

---

[7] Nothing in this opinion should be construed as limiting Akhtar's ability to seek leave to amend his first amended complaint if he so chooses to do so upon remand.

**D**

In a Rule 28(j) letter, Akhtar relies on *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), to support his contention that he was not provided with *Rand* notice at the time Appellees filed their motion to dismiss. *Rand* notice requires that a pro se litigant be provided with fair notice of the requirements for opposing a motion for summary judgment. *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc). In *Wyatt*, 315 F.3d at 1120 n.14, we extended *Rand* to motions to dismiss for failure to exhaust administrative remedies.

In *Woods*, we held that the "notice required under [*Rand*] and [*Wyatt*] must be provided to pro se prisoner plaintiffs at the time the [Appellees'] motions are filed." *Woods*, 684 F.3d at 936. "The failure to provide adequate *Rand* notice is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail." *Id.* at 941.

Recently, in *Stratton v. Buck*, ___F.3d___, No. 10-35656, 2012 WL 4094937 (9th Cir. Sept. 19, 2012) decided while this matter was pending before us, we held that

"when a district court will consider materials beyond the pleadings in ruling upon a defendant's motion to dismiss for failure to exhaust administrative remedies, the pro se prisoner plaintiff must receive a notice, similar to the notice described in *Rand*. The notice must explain that: the motion to dismiss for failure to exhaust administrative remedies is similar to a motion

for a summary judgment in that the district court will consider materials beyond the pleadings; the plaintiff has a "right to file counter-affidavits or other responsive evidentiary materials"; and the effect of losing the motion.

*Id.* at \*3 (footnote omitted). Here, the district court granted Appellees' motion to dismiss in part for failure to exhaust his administrative remedies. Akhtar was not provided with *Rand* notice at the time after Appellees filed their motion to dismiss. In addition, the record shows that Akhtar would likely prevail on the merits of his claims if a trier of fact is persuaded by his evidence. Thus, the district court also erred in failing to provide Akhtar with the notice pursuant to *Rand*.

## CONCLUSION

For the foregoing reasons, we are persuaded that the district court erred in granting Appellees' motion to dismiss the first amended complaint.

**VACATED AND REMANDED.**