**NOT FOR PUBLICATION**

JAN 17 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAN GOODRICK, | No. 12-35076 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00100-EJL |
| v. | |
| PAM SONNEN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Idaho state prisoner Dan Goodrick appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action challenging the Idaho

Department of Corrections policy regarding religious oils.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Akhtar v. Mesa*, 698 F.3d

--------

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1202, 1212 (9th Cir. 2012). We affirm.

The district court properly dismissed Goodrick's First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and equal protection claims because Goodrick failed adequately to allege how the challenged policy burdened the exercise of his religious beliefs or how defendants intentionally treated him differently than similarly situated inmates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (Free Exercise Clause is only implicated when a prison practices burdens an inmate's sincerely-held religious beliefs); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (under RLUIPA, prisoner must show that the challenged policy imposes a substantial burden on the exercise of his religious beliefs); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (explaining requirements for stating an equal protection claim).

Goodrick's contentions concerning res judicata and the reassignment of his case to Judge Lodge are unpersuasive.

**AFFIRMED.**