FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDMUND DAILEY, on behalf of himself
and others similarly situated,

Plaintiff - Appellant,

v.

STATE OF WASHINGTON; et al.,

Defendants - Appellees.

No. 12-35164

D.C. No. 2:11-cv-01250-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Former Washington state prisoner Edmund Dailey appeals from the district

court's judgment in his 42 U.S.C. § 1983 action alleging federal due process and

state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), and we affirm.

The district court properly dismissed Dailey's due process claim because Dailey did not have a protected liberty interest in an early transfer to community custody where the Washington Department of Corrections ("WDOC") had discretion to deny transfer until such time as it had completed its statutorily required community notice under section 72.09.712 of the Washington Revised Code. *See Carver v. Lehman*, 558 F.3d 869, 879 (9th Cir. 2009); *see also In re Pers. Restraint of Mattson*, 214 P.3d 141, 147-48 & n.9 (Wash. 2009)(only limit on the substance of WDOC's discretion is that its reasons for denial must be legitimate; risk presented by presence at the proposed residence is only one of many reasons by which WDOC may deny transfer to community custody after prisoner has been determined eligible). Contrary to Dailey's contentions, the fact that WDOC policy requires community notice to be sent at least 35 days prior to transfer is consistent with the statutory requirement that notice be provided "[a]t the earliest possible date, and in no event later than thirty days before release." Wash. Rev. Code § 72.09.712(1).

The district court properly dismissed Dailey's state law claims for negligence and false imprisonment because Dailey failed to show that defendants had a duty to release him early. *See Stalter v. State*, 86 P.3d 1159, 1162 (Wash.

2004) (claims of negligence and false imprisonment each turn on the existence of a duty to release the individual).

**AFFIRMED.**