FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS DALE MORGAN, | No. 11-17419 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01584-PGR |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

California state prisoner Thomas Dale Morgan appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendant Turner failed to protect him from an attack by other inmates.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to exhaust administrative remedies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed Morgan's action without prejudice because Morgan did not properly exhaust his administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012) (a grievance must give prison officials notice of the nature of the wrong for which redress is sought).  Moreover, Morgan failed to show that administrative remedies were effectively unavailable to him.  *Cf. Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable").

**AFFIRMED.**