**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID TORREZ, | No. 12-15541 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00116-JWS |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA, named as Corrections Corp. Of America in original complaint, (CCA), a corporation incorporated under the laws of the State of Tennesee and licensed to do business in Arizona; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding**

Submitted September 24, 2013***

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

  *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **   The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

  ***  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former California state prisoner David Torrez appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust and for clear error any underlying factual findings. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed the action because Torrez did not exhaust prison grievance procedures and failed to demonstrate that prison officials' tardy responses rendered exhaustion effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable"). Moreover, contrary to his contentions, Torrez did not show that he received favorable grievance responses rendering further appeals unnecessary. *See Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (no exhaustion where pertinent relief remains available).

Torrez's contention that the district court erred by treating the issue of

exhaustion as a matter in abatement is unpersuasive. *See id.* at 1209-10.

**AFFIRMED.**