NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESLIE MOORE,

          Plaintiff - Appellant,

  v.

COUNTY OF BUTTE; CITY OF CHICO;
STATE OF CALIFORNIA;
DEPARTMENT OF JUSTICE; BUTTE
COUNTY DISTRICT ATTORNEY'S
OFFICE; BUTTE COUNTY
CHILDREN'S SERVICES; CHICO
POLICE DEPARTMENT; BUTTE
COUNTY SHERIFF'S OFFICE; TERRY
MOORE; ROBERT MERRIFIELD;
LORETTA MACPHAIL; BRUCE
HAGERTY; JOHN RUCKER; MICHAEL
O'BRIEN; MICHAEL MALONEY;
MICHAEL WEBBER; DANIEL
FONSECA; LINDA DYE; JOHN
CARILLO; JOSE LARA; ALICIA ROCK;
LORI BARKER; ROGER WILSON;
RICK WEST; KORY HONEA;
MICHAEL RAMSEY; PAMELA
CHAMBERS; JORGE LOZANO; ERIN
SWEET; ERIC O'BERG; DAVID
KENNEDY; PETER MEADOWSONG;
KIMBERLY MERRIFIELD; BRUCE
ALPERT; AMY KING; TAMARA
SOLANO; STEVEN MCNELIS;
WILLIAM PATRICK; TAMARA
MOSBARGER; JAMES REILLEY;

No. 11-18024

D.C. No. 2:10-cv-00713-KJM-
CMK

MEMORANDUM*

DAVID GUNN; WILLIAM LAMB,
Administrative Law Judge; ANNE
OSBORN; ELISABETH WOODWARD;
MARTIN MCHUGH; ALFRED
DRISCOLL; GARY WILSON;
RICHARD THOMAS; LARRY LEVINE;
WINDSOR; LANG; NORTH STATE
PUBLIC SAFETY EMPLOYEE
RETIREE MEDICAL TRUST; PAMELA
RICHARDS; PATRICIA PARRA,

　　　　　Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 6, 2013 **
San Francisco, California

Before: W. FLETCHER and NGUYEN, Circuit Judges, and DUFFY, District
Judge.***

　　　Pro se petitioner Leslie Moore appeals the dismissal of her complaint, which

alleged misconduct by various government entities and employees relating to her

divorce and child custody battle.  We assume the parties' familiarity with the facts

---

*　　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
**　　The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).
***　　The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

and procedural history of the case. Because Ms. Moore's complaint does not state a cognizable claim against any of the defendants, we affirm.

We review a dismissal for failure to state a claim *de novo*. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where, as here, the petitioner is pro se, we have an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

As discussed below, dismissal was proper here because (A) a number of the defendants are immune from suit; (B) Ms. Moore did not adequately allege a constitutional deprivation by any of the remaining defendants; and (C) the district court properly declined to exercise supplemental jurisdiction over Ms. Moore's pendent state claims.

## A.  Immunity

The district court properly dismissed all claims against the judges and bailiffs named in Ms. Moore's complaint. Judges are immune from suit for judicial acts taken within the jurisdiction of their courts. *Meek v. Cnty. of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999). This immunity also extends to the actions of court personnel when they act as "an integral part of the judicial process." *Mullis v. U.S. Bankr. Court,* 828 F.2d 1385, 1390 (9th Cir. 1987).

The district court also properly dismissed all claims against the various state defendants. The Eleventh Amendment of the U.S. Constitution immunizes states from federal lawsuits brought by their citizens or citizens of other states. U.S. Const. Amend. XI; *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Although this immunity does not extend to local governments, it does extend to state agencies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**B.     No Constitutional Deprivation Alleged**

**1.     No Unconstitutional Municipal Policy or Practice Alleged**

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where an official policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690. However, local government units may not be held responsible for the acts of

their employees or officials under a *respondeat superior* theory of liability—liability must instead rest on the actions of the municipality. *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Ms. Moore failed to allege facts attributing a constitutional violation to any official custom or policy of a municipal defendant.

### 2. No Unconstitutional Actions Alleged Against the Remaining Defendants

In addition, Ms. Moore failed to allege a constitutional violation by any remaining defendant. Her allegations fall into three main categories: (1) the failure of law enforcement or court officers to protect her; (2) her disagreement with the outcome of a state legal proceeding; and (3) discrimination on the basis of her religion, disability, or political persuasion.

First, Ms. Moore failed to state a claim on the basis that law enforcement did not intervene to her liking. It is well-settled that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* at 756.

Second, the *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

state court judgment. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003); *see generally Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)*; Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Ms. Moore's requests that the federal court reverse the outcomes of her divorce proceedings, child custody case, and domestic violence hearings were thus properly dismissed.

Third, Ms. Moore's allegations that the defendants discriminated against her on the basis of her religion, disability, and political persuasion are unsupported by sufficient factual allegations. Even construing the pleadings liberally and "afford[ing] the petitioner the benefit of any doubt," *Bretz*, 773 F.2d at 1027 n.1, these bare-bones allegations do not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## C.    Pendent State Claims

A federal district court has discretion to dismiss supplemental state claims once it dismisses all federal claims. *See* 28 U.S.C. § 1367(c)(3) (2012); *Peng v. Mei Chin Penghu*, 335 F.3d 970, 974 (9th Cir. 2003). The district court properly declined to exercise subject matter jurisdiction over Ms. Moore's state claims after dismissing her federal claims.

The district court thus properly dismissed Ms. Moore's complaint.

**AFFIRMED.**