NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU, | No. 18-55359 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01535-BAS-MDD |
| v. | |
| SWEETWATER UNION HIGH SCHOOL DISTRICT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Cornelius Oluseyi Ogunsalu appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and

conspiracy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

district court's dismissal for failure to state a claim, *Garity v. APWU Nat'l Labor*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Org.*, 828 F.3d 848, 854 (9th Cir. 2016), and we affirm.

The district court properly dismissed the action because Ogunsalu failed to allege facts sufficient to show that defendant Jennifer Carbuccia or any other person conspired to deprive him of his constitutional rights or retaliated against him for exercising his rights. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017) ("To state a claim under § 1985(3), a plaintiff must first show that the defendants conspired—that is, reached an agreement—with one another"); *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1103 (9th Cir. 2011) (explaining that plaintiff must allege that "protected speech was a substantial or motivating factor in [an] adverse employment action"); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (explaining that "the plaintiff must state specific facts to support the existence of the claimed conspiracy" (citation and internal quotation marks omitted)); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (explaining that although pro se pleadings are to be construed liberally, a pro se plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Ogunsalu another opportunity to amend because it was "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212. Contrary to Ogunsalu's contentions, the district court liberally construed Ogunsalu's pro se

complaint and properly explained the shortcomings therein before dismissing his action.

Ogunsalu's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**

18-55359