**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEROME H. GARRY, | No. 18-35844 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-01572-HZ |
| v. | |
| DAN BUCKWALD; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Gerome H. Garry appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action arising from his detention at Lane County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Garry failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him"); *see also Rodriguez v. County of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018) (setting forth required showing in order for a fear of retaliation to excuse the PLRA's exhaustion requirement).

We reject as without merit Garry's contention that his additional late-filed grievances support his argument that the exhaustion requirement was excused by a reasonable fear of retaliation. *See Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (administrative remedies must be exhausted before the filing of the operative complaint).

We reject as unsupported by the record Garry's contention that the district court failed to meet its obligations to pro se litigants.

**AFFIRMED.**