**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTERPHOR ZIGLAR, | No. 20-15746 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04896-DLR |
| v. | |
| PARC DISPENSARY, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| JEFF SCHEAFFER, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Christerphor Ziglar appeals pro se from the district court's judgment

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging retaliation under Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We review for an abuse of discretion the denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We vacate and remand.

The district court properly dismissed Ziglar's Title VII claim for failure to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

However, dismissal of Ziglar's Title VII claim without leave to amend was premature because it is not clear that any deficiencies could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (before dismissing a pro se complaint, the district court must provide the litigant notice of the deficiencies to allow the litigant an opportunity to amend effectively). In the EEOC charge attached to the original complaint, Ziglar alleged that he observed a workplace environment of race and sex discrimination, that he reported it to human resources and management, and that he was terminated in

retaliation for reporting it. *See Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (elements of a Title VII retaliation claim). Because the deficiencies in Ziglar's Title VII claim may be cured by amendment, we vacate the judgment and remand for the district court to provide Ziglar with an opportunity to file an amended complaint.

Ziglar's motion to transmit exhibit (Docket Entry No. 7) is denied as unnecessary.

The parties will bear their own costs on appeal.

**VACATED and REMANDED.**