**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 2 2025

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER CHARLES MUELLER, | No. 24-1270 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00785-MK |
| v. | MEMORANDUM[*] |
| ZACK ACKLEY, Superintendent DRCI; Ms. CARTER, DRCI Health Services Manager; Doctor LELAND P. BEAMER; Ms. MACK, Officer; Mr. STOUT, Officer; Sgt. FRENCH; JOHN DOE JANE DOE, Health Services TLC Committee Members, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding[**]

Submitted May 21, 2025[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:       SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Former Oregon state prisoner Christopher Charles Mueller appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Mueller's Eighth Amendment claim arising from defendants' treatment of his knee injury because Mueller failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to his serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (explaining the elements of an Eighth Amendment claim based on medical care in prison); *see also Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004) (holding that a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs).

The district court granted summary judgment on Mueller's Eighth Amendment claim arising from the denial of his requests for a bottom bunk assignment. However, defendants failed to demonstrate the absence of a genuine dispute of material fact as to whether defendants Ackley, Mack, Stout, or French refused Meuller's requests for a bottom bunk despite knowing the risk it posed to

Mueller's health. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1106 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (holding that an inmate who fell off his top bunk and broke his wrist stated a claim for deliberate indifference to a serious medical need where defendants denied the inmate, a disabled man with severe health conditions, a bottom bunk despite notice that the inmate required a bottom bunk).

The district court did not abuse its discretion by denying in part Mueller's fourth motion to extend the time to file an opposition to defendants' motion for summary judgment because Mueller had over seven months to file an opposition and failed to demonstrate good cause or excusable neglect. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . ."); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (setting forth standard of review and discussing good cause requirement for extensions of time).

The district court did not abuse its discretion by denying Mueller's motion to strike Dr. Warren Roberts's declaration. *See* Fed. R. Evid. 602 (explaining that witnesses may testify to matters within their personal knowledge); 701 (explaining

that lay witnesses may provide opinions rationally based on their perception); 702 (explaining that qualified experts may testify in the form of an opinion or otherwise); *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014) (setting forth standard of review and explaining that this court will "reverse if the exercise of discretion is both erroneous and prejudicial").

The district court did not abuse its discretion by denying Mueller's second motion to compel discovery because Mueller did not demonstrate actual and substantial prejudice.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's decision to deny discovery will not be disturbed except upon a clear showing that denial of discovery results in actual and substantial prejudice).

The district court did not abuse its discretion by denying Mueller's motions for leave to file a supplemental complaint because supplemental pleadings cannot be used to introduce a separate, distinct, and new cause of action.  *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (setting forth standard of review and grounds for supplementing a complaint under Fed. R. Civ. P. 15(d)).

We lack jurisdiction to consider the district court's denial of Mueller's post-judgment motion for reconsideration because Mueller failed to file a separate or amended notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**