**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIANO RAMIREZ-SALAZAR, | No. 12-16383 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00764-KJN |
| v. | |
| DAVID J. DERKSEN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding[**]

Submitted June 10, 2013[***]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Luciano Ramirez-Salazar, a federal prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    Ramirez-Salazar consented to proceed before a magistrate judge. *See*
28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated his civil rights in connection with his arrest and criminal prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of an action for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Herring v. FDIC*, 82 F.3d 282, 284 (9th Cir. 1996). We affirm.

The district court properly dismissed Ramirez-Salazar's action as barred by *Heck v. Humprey*, 512 U.S. 477 (1994), because a judgment in Ramirez-Salazar's favor on his claims would necessarily imply the invalidity of his criminal conviction for drug and firearm possession and illegal reentry, and judicially noticeable court records show that Ramirez-Salazar's conviction has not been invalidated. *See id.* at 486; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (in evaluating the sufficiency of a complaint, a district court may consider matters properly subject to judicial notice").

Dismissal of Ramirez-Salazar's state law claims was proper because California applies *Heck* principles to state law claims. *See Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008).

We construe the judgment as a dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

**AFFIRMED**.