**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|   |   |
|---|---|
| EDWARD FINLEY, | No. 13-16717 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01782-JCM-VCF |
| v. | |
| HOWARD SKOLNIK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Edward Finley, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging discrimination and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Akhtar v. Mesa*, 698

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1202, 1209 (9th Cir. 2012).  We affirm in part, reverse in part, and remand.

The district court properly concluded that Finley failed to exhaust his retaliation, deliberate indifference, conspiracy, and due process claims, and his equal protection claim regarding the policy requiring outside registration to receive Kosher meals, because Finley either failed to file a timely grievance as to these claims or the relevant grievances did not provide notice of these claims.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (explaining that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Akhtar*, 698 F.3d at 1211 (a grievance must alert the prison to the nature of the wrong for which redress is sought).  Moreover, the district court did not abuse its discretion in denying Finley's motion for reconsideration of these claims because Finley failed to establish any grounds warranting relief.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Rule 59(e)).

The district court also concluded that Finley failed to exhaust his free exercise and Religious Land Use and Institutionalized Persons Act claims relating to the denial of Kosher meals and the failure to announce religious services, and his equal protection claim regarding defendant Tate's allegedly discriminatory

actions. However, Finley properly exhausted these claims. *See Akhtar*, 698 F.3d at 1211; *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies."). Therefore, we reverse and remand for further proceedings on these claims only.

We reject Finley's contention that the district court failed to address his state law claims and erred when it did not stay the action so that he could continue to exhaust his state administrative remedies.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**