**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK OTIS NELSON, | No. 12-16805 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-00140-MSB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Marsha S. BERZON, Circuit Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Before: REINHARDT and OWENS, Circuit Judges, and MENDOZA,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

Patrick Otis Nelson appeals the district court's order granting summary judgment to defendant Captain Stephen Peck on Nelson's Eighth Amendment deliberate indifference claim, which arises out of Peck's order that inmates of California State Prison at Solano report to work during a 2008 work strike amidst threats of violence. We **REVERSE** and **REMAND**.[1]

1. The district court only provided Nelson with notice of the requirements and effects of summary judgment – which is required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) – nearly two years before defendant Peck moved for summary judgment. This was reversible error: *Rand* notice "must be served concurrently with motions . . . for summary judgment." *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). This requirement was "presumed" in *Rand*, *id.* at 938, and has consistently been applied retroactively by this court, *see, e.g.*, *Akhtar v. Mesa*, 698 F.3d 1202, 1214 (9th Cir. 2012).

This is not an "unusual case," like *Labatad v. Corrections Corp. of America*, 714 F.3d 1155 (9th Cir. 2013) (per curiam), where the court can hold that any error in the failure to provide contemporaneous *Rand* notice was harmless because the plaintiff had a "complete understanding of Rule 56's requirements." *Id.* at 1159

---

[1] Because this court's decision does not rely on either of the cases that were the subject of the parties' motions for the panel to take judicial notice, those motions are both denied.

2

(citation omitted). Nelson repeatedly requested appointment of counsel and wrote to the district court that he did not understand what to do on summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988) (considering requests for counsel and "aware[ness] of [plaintiff's] inadequacies" when assessing whether plaintiff understood Rule 56's requirements). He failed to comply with local rules in his briefs. Also, he failed to dispute defendant's statements of fact in his opposition to summary judgment because of a lack of access to needed materials.

Even if the court applied harmless error analysis, the district court's error in this case was not harmless. The *Rand* notice provided to Nelson in 2010 stated that if Nelson could provide "some good reason why [material] facts are not available to plaintiff when required," the court would "consider a request to postpone considering the Defendant's [summary judgment] motion." Nelson had good reason why no material facts were available to him – he had not understood when or how to conduct discovery. Because he did not have *Rand* notice, he missed an opportunity to request additional time for discovery, to which he was certainly entitled, and could not adequately oppose the motion for summary judgment.

2. The district court abused its discretion in failing to grant Nelson additional time for discovery. Nelson's motion to compel, filed the day before

3

discovery closed, explained to the court that he had not yet been afforded any right to discovery. The motion was sufficient for the court to construe it as a request for additional discovery. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). When a confined pro se plaintiff requests additional discovery, summary judgment is appropriate "only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). Nelson's interrogatories, attached to his motion to compel, included highly relevant information that would likely have led him to records and other witnesses who would have bolstered his claims. Therefore, the discovery requests were not fruitless and should have been allowed prior to summary judgment.

3. Because of the complexity of Nelson's claims and the difficulty he has evidently experienced in proceeding as an incarcerated pro se litigant, this court instructs the district court on remand to appoint counsel to assist Nelson in pursuing his case and to permit Nelson to conduct appropriate discovery before proceeding to rule on any dispositive motions by the defendant.

For the reasons expressed above, the district court's decision to grant summary judgment is **REVERSED and REMANDED.**