**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN FREEMAN, | No. 18-17352 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01015-JAT-MHB |
| v. | |
| STATE OF ARIZONA, Real party in interest; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| RUVACOBA, First Name Unknown; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Benjamin Freeman appeals pro se from the district court's judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's denial of leave to amend. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We vacate and remand.

The district court properly dismissed Freeman's operative complaint because Freeman failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim).

However, the district court dismissed the operative complaint without previously providing Freeman with notice of his claims' deficiencies. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (remanding because the district court failed to grant prisoner leave to amend his complaint to name the correct defendants). We vacate the judgment and remand for the district court to provide Freeman with an opportunity to amend his complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-17352

Freeman's motion to dismiss defendant State of Arizona (Docket Entry No. 27) is granted.  Freeman's other pending motions are denied.

**VACATED and REMANDED.**