**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYAN P. BONHAM,

      Plaintiff-Appellant,

  v.

KIM ADAMSON, Doctor at LCC; et al.,

      Defendants-Appellees.

No. 19-17576

D.C. No. 3:17-cv-00727-RCJ-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

   Nevada state prisoner Bryan P. Bonham appeals pro se from the district

court's judgment dismissing his action alleging constitutional claims and claims

under the Americans with Disabilities Act ("ADA"). We have jurisdiction under

28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015). We affirm in part, vacate in part, and remand.

We affirm the dismissal of Bonham's constitutional claims because Bonham has not challenged the dismissal of those claims on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments not raised by a party in the opening brief are deemed waived).

However, dismissal of Bonham's ADA claim without leave to amend was premature because it is not "absolutely clear" that any deficiencies could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment). Bonham alleged a physical impairment of his lower back which at times caused him difficultly walking and impaired his ability to sit or stand for long periods of time. With some direction from the district court, Bonham may be able to allege the required elements. *See Thompson v. Davis*, 295 F.3d 890, 895-6 (9th Cir. 2002) (elements of a Title II claim under the ADA; disability under the ADA is defined as a physical or mental impairment that substantially limits one or more major life activities); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (before dismissing a pro se complaint, the district court must provide the litigant notice of the deficiencies to allow the litigant an

opportunity to amend effectively).  We vacate the judgment in part, and remand for the district court to provide Bonham with an opportunity to amend his ADA claim.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**