**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT HUGH COLE,

               Plaintiff-Appellant,

  v.

NANCY ADAM, M.D.; SUSAN
WADDELL, Nurse; LAURIE THOMAS,
Physician's Assistant; CATHERINE
TIMOSHENKO, R.N.,

               Defendants-Appellees.

No.   19-15671

D.C. No. 5:17-cv-05691-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted May 3, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

California State prisoner Robert Hugh Cole appeals the district court's

summary judgment in favor of Dr. Nancy Adam and Nurse Susan Waddell,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

medical personnel at Pelican Bay State Prison, in Cole's action alleging deliberate indifference to his serious medical needs and related tort claims under California law.  *See* U.S. Const. amend. VIII; 42 U.S.C. § 1983.  We affirm.

The district court did not abuse its discretion in denying Cole's request to appoint counsel to represent him.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also* 28 U.S.C. § 1915(e)(1).  No exceptional circumstances warranting appointment of counsel existed.  *See Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The district court did not abuse its discretion in denying Cole's motion to compel discovery.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Cole failed to show that he was entitled to the privileged documents he sought,[1] and that he was actually and substantially prejudiced by the denial of discovery.[2]

Reviewing de novo, we conclude that the district court did not err in granting summary judgment to Adam and Waddell on Cole's deliberate indifference claims.  *See Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016); *see also* Fed. R. Civ. P. 56(a).  That Cole disagreed with the treatment given for his pain, withdrawal symptoms, and plantar fibromas "'does not amount to

---

[1] *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990).

[2] *See Hallett*, 296 F.3d at 751.

deliberate indifference'" on the part of Adam and Waddell. *Hamby*, 821 F.3d at 1092. There was no genuine dispute of material fact that Adam and Waddell rendered Cole medically acceptable treatment, and that they were not aware of any substantial risk of serious harm to Cole arising therefrom. *See id.*; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

The district court did not abuse its discretion in denying Cole leave to amend his complaint to name two other defendants. *See Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). The summary judgment record made it absolutely clear that the proposed amendments were futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Sweaney v. Ada County*, 119 F.3d 1385, 1392–93 (9th Cir. 1997). Cole's allegations—that a few of his methadone doses were missed or delayed, and that he received a new prescription for his existing dosage while waiting to be seen by Dr. Adam—do not suffice to spell out a deliberate indifference claim. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1333–35 (9th Cir. 1990).

**AFFIRMED.**