**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

KEVIN SCOTT BJORNSON,

Plaintiff-Appellant,

v.

USAA CREDIT CARD,

Defendant-Appellee,

and

EQUIFAX INC.; et al.,

Defendants.

No. 20-36130

D.C. No. 3:20-cv-05449-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Kevin Scott Bjornson appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging claims under 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") and other federal statutes. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of leave to amend and de novo the question of futility of amendment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm in part, reverse in part, and remand.

In his opening brief, Bjornson fails to address the grounds for dismissal of his claims aside from his FCRA claim and has therefore waived his challenge to the district court's judgment with respect to those claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument on a pro se appellant's opening brief are waived).

The district court denied Bjornson leave to amend. However, with respect to Bjornson's FCRA claim, Bjornson appears to have cured the defects the district court found in his previous complaint and stated the elements of a FCRA claim. *See* 15 U.S.C. § 1681s-2(b)(1) (stating entities that furnish "information to consumer reporting agencies" have an obligation to investigate when informed by a consumer reporting agency of credit disputes); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford

the petitioner the benefit of any doubt."). Moreover, the district court did not examine whether the proposed amendment implicated an undue delay, bad faith on Bjornson's part, or prejudice to defendants. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (establishing factors to consider in denial of leave to amend). We reverse the district court's denial of Bjornson's motion to amend his complaint with respect to his FCRA claim. On remand, the district court will file Bjornson's proposed amended complaint and proceed on the FCRA claim only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**