## NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CYNTHIA S. WILLS,

Plaintiff-Appellant,

v.

FIRST REPUBLIC BANK,

Defendant-Appellee.

No.   19-17001

D.C. No. 5:19-cv-01819-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted February 7, 2022[**]
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[***] District
Judge.

Cynthia Wills appeals the district court's order dismissing with prejudice the

breach-of-contract and negligent infliction of emotional distress (NIED) claims

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

raised in her first amended complaint against First Republic Bank pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order granting a motion to dismiss under Rule 12(b)(6), *Judd v. Weinstein*, 967 F.3d 952, 955 (9th Cir. 2020), and review for abuse of discretion the court's decision to dismiss Wills's claims with prejudice, *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000). We affirm.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, conclusory allegations and unreasonable inferences will not defeat a motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

To plead a breach-of-contract claim under California law, Wills was required to allege facts supporting: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the

---

[1] All parties to this case consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). To plead an NIED claim under California law, Wills must allege facts supporting: (1) a duty of care owed to her by First Republic Bank, (2) a breach of that duty by First Republic Bank, (3) that First Republic Bank's breach caused her injury, and (4) damages. *Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 924–25 (N.D. Cal. 2011) (citing *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003)). Wills did not plead facts to support all the elements of either claim. Instead, Wills did what *Twombly* and *Iqbal* forbid: she recited the elements of breach-of-contract and negligence and concluded that First Republic harmed her, without providing supporting factual allegations. Accordingly, the district court did not err by dismissing her claims.

The district court did not abuse its discretion by dismissing Wills's claims with prejudice. The district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Before dismissing Wills's claims with prejudice, the district court allowed her to file an amended complaint and provided her "with notice of the deficiencies in [her] complaint in order to ensure that" Wills would use "the opportunity to amend effectively." *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Wills did not address the deficiencies in her complaint despite the district court's step-by-step guidance. We cannot say the court

3

abused its discretion in then dismissing the amended complaint with prejudice.  *See*

*Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015).

**AFFIRMED.**