NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM JERMAINE FLETCHER, | No. 21-35128 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00267-BLW |
| v. | |
| IDAHO DEPARTMENT OF CORRECTION; IDAHO COMMISSION OF PARDONS AND PAROLE; SANDY JONES; KAREN CLIFFORD, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted April 11, 2023
Seattle, Washington

Before: BYBEE and FORREST, Circuit Judges, and SEEBORG,** District Judge.

William Fletcher appeals the district court's dismissal with prejudice of his

claims for damages against Karen Clifford, a Deputy manager of the Idaho

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Department of Correction (IDOC), and Sandy Jones, the Executive Director of the Idaho Commission of Pardons and Parole (ICPP), alleging that his due process rights were violated when he was classified and subjected to supervision and treatment as a sex offender. Fletcher also appeals the district court's grant of summary judgment for those same defendants on his claim for injunctive relief. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 665 (9th Cir. 2017), we affirm.

1.    ***Injunctive relief claims.*** "[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of [a] targeted inmate to a mandatory treatment program . . . create the kind of deprivations of liberty that require procedural protections." *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). In other words, before a state classifies an individual as a sex offender and subjects him to sex-offender treatment, the individual must be provided due process. *Id.* at 829–31.

Fletcher pleaded guilty to felony injury to a child, which is not a sex offense. *See* Idaho Code §§ 18-501, 18-8304. However, Fletcher's amended information detailed the sexual nature of his conduct underlying the charge, and he pleaded guilty to the offense as alleged in the amended information.[1] Additionally, under the terms

---

[1]Defendants' request for judicial notice, D.E. 55, is GRANTED. *See Bennet v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). However, that judicial

2

of his plea agreement, Fletcher agreed to submit to a psychosexual evaluation and be amenable to treatment. Thus, his actions during the plea proceedings undermine any argument that he did not receive the process that he was due. By knowingly and explicitly accepting evaluation and treatment, Fletcher also accepted the attendant stigma associated with that evaluation and treatment and affirmatively waived any further procedural protections required under *Neal*. *See United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]t is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain . . . ."). Accordingly, because the record establishes that Fletcher cannot show he was denied due process, we affirm the district court's grant of summary judgment in favor of Clifford and Jones on this ground.

2. ***Damages claims.***[2] The district court dismissed Fletcher's damages claims against Clifford and Jones with prejudice because they were asserted against these defendants in their official capacity. *See Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994) ("[A] claim for damages against state officials in their official capacities is plainly barred."). Pro se plaintiffs are entitled to a liberal reading of their complaint, notice of any perceived pleading

---

notice of these documents was not requested until the eve of oral argument was of great disservice to the court. We caution counsel to provide such judicially noticeable documents in a timely manner in the future.

[2]Fletcher does not challenge the dismissal of his claims against the IDOC or ICPP, only against the individual officials identified herein, Clifford and Jones.

3

defects, and an opportunity to amend unless it is clear that amendment would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). While the district court failed to instruct Fletcher about his pleading deficiencies and grant him leave to amend, we conclude that this was not reversible error. Any amendment would be futile given our conclusion that the terms of Fletcher's plea agreement fatally undermine his asserted due-process violation. *See Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020) (explaining that a dismissal with prejudice is proper where it is clear on de novo review that the complaint could not be saved by amendment).

**AFFIRMED.**